UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 20-CV-2155 (JRT/LIB)
Civil No. 20-CV-2156 (JRT/LIB)

IN RE: HANSMEIER V. MCLAUGHLIN, ET AL., LITIGATION

PAUL HANSMEIER,

   Plaintiff,

           **MEMORANDUM IN SUPPORT OF**
           **CONSOLIDATED MOTION TO**
           **DISMISS AMENDED COMPLAINTS**

DAVID MACLAUGHLIN, BENJAMIN
LANGER, ERICA MACDONALD; and
LOOKER'S GENTLEMEN'S CLUB, LLC,

   Defendants.

*AND*

PAUL HANSMEIER,

   Plaintiff,

DAVID MACLAUGHLIN, BENJAMIN
LANGER, ERICA MACDONALD; and
JOHN DOE,

   Defendants.

Defendants David MacLaughlin and Erica MacDonald ("Federal Defendants"), by

and through their attorneys, Erica H. MacDonald, United States Attorney for the District

of Minnesota, and Kristen E. Rau, Assistant United States Attorney, pursuant to Fed. R.

Civ. P. 4(m), 12(b)(1), 12(b)(2), and 12(b)(6), as well as Fed. Rule Civ. P. 15(a)(3), submit

this memorandum of law in support of their consolidated motion to dismiss the amended

complaints filed in *Hansmeier v. MacLaughlin, et al.*, 20-cv-2155 (D. Minn.) (JRT/LIB), and *Hansmeier v. MacLaughlin, et al.*, 20-cv-2156 (D. Minn.) (JRT/LIB).  Furthermore, Defendant Benjamin Langner, who is no longer an employee of the United States and has not been served with the complaints in these matters, is not a proper defendant in these consolidated actions and should be dismissed and removed from the case captions.

## INTRODUCTION

Pro se plaintiff Paul Hansmeier, currently incarcerated at the Federal Correctional Institution ("FCI") located in Sandstone, Minnesota, has initiated two lawsuits alleging that the federal criminal mail fraud, wire fraud, and extortion statutes, 18 U.S.C. §§ 1341, 1343, 1951 (hereafter, "Challenged Statutes"), are unconstitutional as applied to activity he claims he seeks to undertake in the future.  This Court consolidated the suits upon a finding that they involve a common question of law or fact.  Order Consolidating Cases, *Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2155, Dkt. 24, (D. Minn. Dec. 08, 2020).  Hansmeier's amended complaints in the consolidated cases should be dismissed in their entirety.  His constitutional claims fail pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  His declaratory and injunctive relief claims also fail for lack of subject-matter jurisdiction and because he is not entitled to such relief under the circumstances pleaded in the amended complaints.

# FACTS

### A. Background

Hansmeier, an inmate at FCI Sandstone, pleaded guilty in August 2018 to one count of conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. § 1349 and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Plea Agreement, *United States v. Paul R. Hansmeier, et al.*, No. 16-cr-334, Dkt. 102 (D. Minn. Aug. 17, 2018). In relevant part, Hansmeier, who was a licensed attorney, and another individual "orchestrated an elaborate scheme to fraudulently obtain millions of dollars in copyright lawsuit settlements" that involved obtaining the copyrights to pornographic videos, in some cases by filming the videos themselves, and uploading them to file-sharing websites. Indictment, *id.*, Dkt. 1, ¶ 1 (D. Minn. Dec. 14, 2016). After users downloaded the videos, Hansmeier and his co-defendant filed specious copyright infringement suits and petitioned courts to initiate discovery in order to send subpoenas to internet service providers to obtain identifying information associated with the IP addresses used to download the files. *Id.* Hansmeier and his co-defendant would then threaten the users with substantial financial penalties and public embarrassment unless they agreed to pay settlements, all while obscuring their involvement in the scheme from the courts. *Id.*

Hansmeier was convicted, and in articulating its position in advance of his sentencing, the United States detailed Hansmeier's many abuses of legal process, which included lying to judges in order to fraudulently procure subpoenas to further his schemes. Gov.'s Position with Respect to Sentencing, *id.*, Dkt. 127 (D. Minn. Mar. 25, 2019). Hansmeier was sentenced to 168 months of imprisonment on both counts to be served

concurrently and was ordered to pay over $1.5 million in restitution. Sentencing Judgment, *id.*, Dkt. 136 (D. Minn. June 17, 2019). Hansmeier's appeal of his criminal conviction remains pending before the Eighth Circuit. *U.S. v. Hansmeier*, No. 16-cr-334 (D. Minn.) (JNE/KMM), *appeal filed*, No. 19-2386 (8th Cir. filed June 28, 2019).

## B. Present Lawsuit

Hansmeier has initiated two lawsuits, both of which the Federal Defendants removed to federal district court. The first suit, *Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2155 (D. Minn.) (JRT/LIB) (hereafter, "*Hansmeier I*"), alleges that the federal mail fraud, wire fraud, and extortion statutes are unconstitutional as applied to him because they prevent him from assisting unidentified individuals with pursuing ADA enforcement claims against Looker's Gentlemen's Club LLC, which Hansmeier claims discriminates against people with disabilities. *Hansmeier I*, Am. Compl., Dkt. 35 ¶¶ 1-2.

The second suit, *Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2156 (D. Minn.) (JRT/LIB) (hereafter, "*Hansmeier II*"), alleges that Hansmeier owns the copyright of a video and that Hansmeier directed an "investigator" to publish that video on a pornographic website. *Hansmeier II*, Am. Compl., Dkt. 34, ¶ 5. Hansmeier further alleges in his amended complaint[1] that on June 29, 2020, the unidentified "John Doe" defendant accessed and copied the video, infringing on Hansmeier's copyright. *Id.* ¶ 6. Hansmeier alleges that

---

[1] Following clarification provided by Hansmeier to the Court and the Federal Defendants in his Motion to Correct filed in *Hansmeier II*, Dkt. 20, the Federal Defendants submitted a filing on December 4, 2020, attaching the correct original summons and complaint in that case. *Hansmeier II*, Compl., Dkt. 24-1. (Dec. 4, 2020). Hansmeier thereafter submitted amended complaints in *Hansmeier I* and *II* that were filed on January 4, 2021.

he "seeks to immediately amend this complaint" to bring claims against John Doe for copyright infringement and violations of the Computer Fraud and Abuse Act ("CFFA") using a new legal strategy, but that he is "chilled and prohibited from doing so by the credible threat of jeopardy he faces under the federal mail fraud, wire fraud, and extortion statutes." *Id.* ¶ 7.

In both suits, Hansmeier alleges that the Challenged Statutes violate the First and Fifth Amendments, as well as separation of powers considerations. In both suits, Hansmeier seeks declaratory judgments, injunctive relief to prevent the Federal Defendants from enforcing the Challenges Statutes against him, and attorney's fees and costs. *Hansmeier I*, Am. Compl., Dkt. 35, at Prayer for Relief; *Hansmeier II*, Am. Compl., Dkt. 34, at Prayer for Relief.

## DISCUSSION

### A. Legal Standard

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); 12(b)(1). In evaluating a motion filed pursuant to Fed. R. Civ. P. 12(b)(1), the court must "accept[] the well-pleaded allegations in the complaint as true and draw[] all reasonable inferences in favor of the plaintiff." *Varga v. U.S. Bank Nat'l Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014).

A complaint must also be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although the Court must take all non-conclusory allegations in the complaint as true, to survive a motion to dismiss the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The court may grant a motion to dismiss on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court need not resolve all questions of law in a manner that favors the complainant; rather, the court may dismiss a claim founded upon a legal theory that is "close but ultimately unavailing." *Id.* at 327.

Further, the court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss on this basis if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1); *see also Ricketts v. Maggard*, No. 19-cv-276, 2019 WL 3543859, *2 (D. Minn. Aug. 5, 2019) (WMW/HB) (dismissing pursuant to § 1915A).

### B. Hansmeier's Amended Complaints Should be Dismissed

Hansmeier's amended complaints should be dismissed in their entirety. As a threshold matter, there is no personal jurisdiction over Defendant Langner in this matter; he should be dismissed from both cases and his name should be removed from their captions. Further, Hansmeier's constitutional, declaratory judgment, and injunctive relief claims all warrant dismissal for lack of subject-matter jurisdiction, for failure to state a claim upon which relief can be granted, or for both reasons.

6

1.      **Defendant Langner Should Be Dismissed and Removed from Case Captions**

The amended complaints assert claims against current Assistant United States Attorney David MacLaughlin and U.S. Attorney Erica MacDonald, as well as former Assistant United States Attorney Benjamin Langner.  Hansmeier bears the burden of pleading facts establishing personal jurisdiction.  "To allege personal jurisdiction, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state." *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (alteration in original) (internal citation omitted).  Where, as here with regard to Langner, personal jurisdiction is disputed, "the plaintiff bears the burden of proving facts supporting personal jurisdiction," and that showing "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id.* (internal citations omitted).

Langner is not a resident of Minnesota.  Exhibit A, Decl. of Benjamin Langner, ¶ 2 (Jan. 27, 2021).  Personal jurisdiction over a non-resident defendant requires compliance with both the forum state's long-arm statute and the Due Process Clause of the United States Constitution. *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008).  Because the Minnesota long-arm statute, *see* Minn. Stat. § 543.19, confers jurisdiction to the fullest extent permitted by the Due Process Clause, the inquiry collapses to the single question of whether personal jurisdiction comports with constitutional due process. *See Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006). In the Eighth Circuit, courts assess whether personal jurisdiction comports with due process by

considering five factors: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Id.* The first three factors are "of primary importance." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003). Personal jurisdiction may be established in either of two respects. *See generally Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-16 (1984). To show "general jurisdiction"—that is, jurisdiction over a defendant regardless of how the underlying cause of action arose—a plaintiff must show defendant's "continuous and systematic" contacts with the forum state. *Johnson*, 444 F.3d at 956. Alternatively, a plaintiff may prove "specific jurisdiction" by showing that the particular cause of action at issue in a lawsuit arises from a defendant's specific contacts with the forum state. *Id.*

Hansmeier does not allege any facts in either amended complaint that could establish that this Court has specific or general personal jurisdiction over Langner. Nor can he. Langner is no longer a federal government employee, does not reside in Minnesota, does not own property in Minnesota, and has no plans to travel to or conduct business in Minnesota. Exhibit A, Langner Decl. ¶¶ 1-4.

The remaining jurisdictional factors, which are "secondary" in any event, *Pecoraro*, 340 F.3d at 562, do not compel a different result. Even assuming that Minnesota has an interest in providing a forum to a federal inmate incarcerated in the state, such an interest is largely irrelevant given the total absence of contacts for Langner since a state's interest in providing a forum "cannot make up for the absence of minimum contacts." *Digi-Tel*

8

*Holdings, Inc. v. Proteq Telecommc'ns (PTE), Ltd.*, 89 F.3d 519, 525 (8th Cir. 1996). Hansmeier cannot establish that Langner has the requisite minimum contacts with Minnesota such that this Court has personal jurisdiction over him.

Even if Hansmeier could demonstrate the existence of personal jurisdiction over Langner, it warrants mention that Langner has not been properly served in either matter and his dismissal is therefore appropriate for this additional reason. Hansmeier "pocket served" his original complaints by sending them to the U.S. Attorney's Office. *Hansmeier I*, Compl., Dkt. 1-1 (filed Oct. 13, 2020); *Hansmeier II*, Compl., Dkt. 1-1 (filed Oct. 13, 2020). Following the removal of his actions to federal court, Hansmeier filed amended complaints in this Court but never served any complaint on Langner. Exhibit A, Langner Decl. ¶ 5. "Once a court file is open, any subsequent papers that are required to be served must also be filed with the court . . . [and] served upon *each* of the parties." *Harris v. Chase Bank USA, N.A., et al.*, No. 12-cv-669, 2012 WL 1948775, *1 (D. Minn. May 30, 2012) (JNE/AJB) (emphasis in original). Hansmeier's complaints were removed to federal court on October 13, 2020; because more than 90 days have now passed without proper service on Langner, dismissal is appropriate pursuant to Fed. R. Civ. P. 4(m), and Langner's name should be removed from the case captions.

### 2. Constitutional Claims Fail

Hansmeier asserts as-applied constitutional claims pursuant to the First and Fifth Amendments, as well as pursuant to separation-of-powers considerations. He does not assert any claim in either suit that the Challenged Statutes are facially unconstitutional.

Because Hansmeier proceeds pro se, his complaint must be liberally construed. *Smith v. St. Bernards Reg. Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). Pro se plaintiffs are not excused from establishing proper jurisdictional bases for their claims, however, and it warrants mention that Hansmeier was a practicing lawyer before he was suspended and disbarred. *Hansmeier I*, Compl., Dkt. 1-1, ¶ 39; *id.*, Am. Compl. Dkt. 35, ¶ 39; *see also In re Petition for Disciplinary Action Against Paul Robert Hansmeier*, State of Minnesota Supreme Court, A19-0173 (Apr. 22, 2020) (per curiam) (disbarring Hansmeier). Hansmeier bears the burden of establishing that subject-matter jurisdiction exists. *Fraction v. Douglas Cty. Atty's Office*, 823 Fed. App'x 452, 452 (8th Cir. 2020) (per curiam).

"Article III standing must be decided first by the court and presents a question of justiciability; if it is lacking, a federal court has no subject-matter jurisdiction over the claim." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 934 (8th Cir. 2012). Standing requires a plaintiff to show: (1) an injury in fact; (2) a causal connection between the injury and the challenged conduct of the defendant; and (3) a likelihood that a favorable ruling will redress the alleged injury. *Young Am. Corp. v. Affiliated Comput. Servs. (ACS), Inc.*, 424 F.3d 840, 843 (8th Cir. 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). An "injury in fact" is "(a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (1992) (internal citations and quotation marks omitted). "Allegations of possible future injury do not satisfy the requirements of Article III. A threatened injury must be certainly impending to constitute injury in fact." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) (internal quotation marks omitted). Standing is determined "as of the time the complaint is filed."

10

*Brown v. Medtronic, Inc.*, 619 F. Supp. 2d 646, 649 (D. Minn. 2009) (RHK/AJB) (internal quotation marks omitted).

This court lacks subject-matter jurisdiction to consider Hansmeier's constitutional claims because Hansmeier lacks standing to bring them.  Dismissal is warranted for this reason alone.  Fed. R. Civ. P. 12(h)(3).  In addition, Hansmeier's constitutional claims are barred by the *Heck* doctrine, and dismissal is additionally warranted pursuant to Fed. R. Civ. P. 12(b)(6).

### a. First Amendment Claims Fail

In both suits, Hansmeier claims that the Challenged Statutes are unconstitutional as applied to him because they violate the First Amendment.  *Hansmeier I* alleges that the Challenged Statutes violate the First Amendment because they "impermissibly interfere[] with and prohibit[] petitioning activity, speech and expressive activity."  *Hansmeier I*, Am. Compl., Dkt. 35, ¶ 62.  He claims that the Challenged Statutes "chill" him from undertaking "efforts" to assist unidentified individuals to pursue private ADA enforcement lawsuits against Looker's Gentlemen's Club LLC.  *Id.* ¶ 48.  He alleges that he is injured because he is "is placed in the position of either refraining" from his plan "or of exposing himself to the risk of prosecution and civil liability," and that refraining from this plan "constitutes self-censorship and a loss of Hansmeier's First Amendment rights."  *Id.* ¶ 47.  Likewise, *Hansmeier II* alleges that Hansmeier has been "chilled" from pursuing copyright-enforcement and CFAA claims against John Doe "by the credible threat of jeopardy he faces" as a result of the Federal Defendants' application of the Challenged Statutes to him.  *Hansmeier II*, Am. Compl., Dkt. 34, ¶ 7.  These claims should be dismissed.

11

### 1.  First Amendment Injury Standard

To establish injury in fact for a First Amendment challenge, a plaintiff need not have actually been prosecuted or threatened with prosecution.  *281 Care Comm. v. Arneson*, 638 F.3d 621, 627 (8th Cir. 2011).  In this context, a plaintiff can establish standing by alleging "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder," *Babbitt v, United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979), or by alleging self-censorship upon a credible threat of future prosecution.  *Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 794 (8th Cir. 2016); *281 Care Committee*, 638 F.3d at 627.

It warrants emphasis that an allegation of self-censorship or a subjective belief about the potential for prosecution does not end the inquiry.  A party's decision to chill his speech in light of the challenged statute must be "objectively reasonable."  *Zanders v. Swanson*, 573 F.3d 591, 594 (8th Cir. 2009).  An alleged risk of prosecution is objectively reasonable only where the statute actually applies to the planned conduct.  *Republican Party of Minn. v. Klobuchar*, 381 F.3d 785, 792-93 (8th Cir. 2004).  "A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement."  *Babbitt*, 442 U.S. at 298.  Furthermore, a "speculative" risk of prosecution is not a credible threat sufficient to confer standing.  *Id.*  Hansmeier's First Amendment claims fail for one or both of two reasons: first, he fails to plead facts demonstrating that his planned conduct is actually covered by the Challenged Statutes;

second, he fails to plead facts that the risk of prosecution or enforcement he claims he faces for his planned conduct is more than a speculative risk.

### 2.  *Alleged Planned Conduct Not Covered by Challenged Statutes*

Hansmeier simply does not allege facts that he wishes to undertake conduct relevant to the Challenged Statutes.  As for the mail and wire fraud statutes, in *Hansmeier I*, Hansmeier does not allege any intention to utilize the mail, wire, radio, or television systems in any way relevant to § 1341 or § 1343.  He alleges only that he will "identify[] people with disabilities," "inform[]" them about Looker's alleged discrimination, "assist[]" them by referring them to service providers, and "provid[e] assistance" to such service providers.  *Hansmeier I*, Am. Compl., Dkt. 35 ¶¶ 41, 43.  These allegations simply make no reference to the mail, wire, radio, or television systems.  Although a pro se complaint is to be construed liberally, it still must allege facts to support the claims advanced.  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (noting that a district court is not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

As for the extortion statute, Hansmeier does not allege in either *Hansmeier I* or *Hansmeier II* that he intends to undertake any activity covered by § 1951.  Rather, his First Amendment claims pertaining to the extortion statute rest on his assumption that the Federal Defendants might interpret future unspecified conduct as being covered by § 1951, but any claim based on this theory is hypothetical.  "It is too speculative for standing purposes to allege that [a] statute *could* be manipulated," and without more, Hansmeier has

not "nudged [his] claims across the line from conceivable to plausible." *Zanders*, 573 F.3d at 598 (emphasis in original) (internal quotation marks omitted).

The mail fraud and wire fraud statutes simply "contain[] no language which can even arguably be construed to prohibit" the limited conduct Hansmeier describes in *Hansmeier I*. *Klobuchar*, 381 F.3d at 793. Likewise, the extortion statute is not implicated by the limited conduct Hansmeier alleges wishing to undertake in either *Hansmeier I* or *Hansmeier II*. *Id.* Tellingly, Hansmeier even concedes in *Hansmeier II* that the plain meaning of the statutes "do not clearly cover instances where a person asserts claims such as the [c]opyright [e]nforcement claims against John Doe." *Hansmeier II*, Am. Comp., Dkt. 34 ¶ 21. Hansmeier fails to plead facts in his amended complaints sufficient to show that his proposed conduct is actually relevant to the mail fraud, wire fraud, and extortion statutes. *Klobuchar*, 381 F.3d at 792-93; *Babbitt*, 442 U.S. at 298. Hansmeier's decision to chill his speech is thus not objectively reasonable and cannot provide a basis for Article III standing. *Christian Action League of Minn. & Ann Redding v. Freeman*, No. 20-cv-1081, 2020 WL 6566402, *5 (D. Minn. Nov. 9, 2020) (ADM/TNL). For this reason alone, dismissal is warranted.

### 3.   *Risk of Prosecution or Enforcement Speculative*

Hansmeier's alleged sense of "chill" is not objectively reasonable because the threat of prosecution or enforcement he claims is speculative at best. Although actual or threatened prosecution is not necessary to establish standing for First Amendment claims, *281 Care Comm.*, 638 F.3d at 627, Hansmeier may argue that an alleged past threat of prosecution (*Hansmeier I*) or his prior criminal prosecution (*Hansmeier II*) demonstrate

14

that he now faces a credible threat of prosecution in connection with his proposed new conduct. The Court should reject such arguments.

With regard to *Hansmeier I*, to the extent that Hansmeier argues that the threat of prosecution is credible *here* because (he alleges) he was previously threatened with prosecution in connection with his *past* ADA enforcement activities, such an argument fails. Hansmeier alleges only that he was threatened with prosecution for engaging in efforts "substantially similar" to those he describes. *Hansmeier I*, Am. Compl. Dkt. 35 ¶ 46. But an allegation that he was threatened with prosecution in the past for different conduct, even if that were true, is not enough to show a credible threat of prosecution here. *Monson v. Drug Enforcement Admin., et al.*, 589 F.3d 952, 958 (8th Cir. 2009); *Babbitt*, 442 U.S. at 298-99. It also warrants mention that the Federal Defendants have not prosecuted Hansmeier in connection with his many private ADA enforcement efforts before state and federal district courts, including those before this Court. *See, e.g.*, *Scott v. Golden China of Red Wing, Inc., et al.*, No. 17-cv-1862 (D. Minn. filed June 2, 2017) (JRT/HB); *Disability Support Alliance, et al. v. Billman,* No. 15-cv-3649 (D. Minn. filed Sept. 11, 2015) (JRT/SER).

With regard to *Hansmeier II*, to the extent Hansmeier argues that his *past* prosecution means that the alleged threat of prosecution for *future* conduct is objectively reasonable, such an argument also fails. The reason is simple: the new conduct he alleges that he wishes to undertake is different than that for which he was prosecuted. In *Hansmeier II*, Hansmeier specifically alleges that his planned conduct differs meaningfully from his past conduct in order to "proactively address many of Defendants' allegations of

15

wrongdoing." *Hansmeier II*, Am. Compl., Dkt. 34 ¶ 9.  He makes clear that his new proposed conduct "will eliminate any reason for Defendants to claim that Hansmeier is concealing his use of an investigator or his involvement with the claims." *Id.* ¶ 9. Hansmeier's criminal prosecutions and convictions stemmed from his efforts to mislead courts and parties in copyright enforcement lawsuits about his personal involvement and financial interest in those matters.  Indictment, *United States v. Paul R. Hansmeier, et al.*, No. 16-cr-334, Dkt. 1, ¶ 1 (D. Minn. Dec. 14, 2016).  Now, Hansmeier proposes an entirely new strategy to pursue copyright and CFAA claims against John Doe—a strategy different than the one for which he was prosecuted—and he pleads nothing whatsoever to support a conclusion that there exists a credible rather than a hypothetical risk of prosecution in connection with this new strategy.  *Babbitt*, 442 U.S. at 298.  Hansmeier has failed to allege an adequate injury in either suit.  He lacks standing and the First Amendment claims should be dismissed for lack of subject-matter jurisdiction.

### b. Fifth Amendment Claims Fail

In both suits, Hansmeier claims that the Challenged Statutes are unconstitutionally vague in violation of the Fifth Amendment as applied to planned conduct he alleges he seeks to undertake.  *Hansmeier I*, Am. Compl., Dkt. 35, ¶ 69; *Hansmeier II*, Am. Compl., Dkt. 34, ¶ 37.  According to the void-for-vagueness doctrine, a law is unconstitutional as applied if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008); *see also United States v. Ghane*, 673 F.3d 771, 776-78 (8th Cir. 2012).  The statute at issue "must be

unconstitutional as applied to his specific conduct at issue" for a plaintiff to have standing. *Musser v. Mapes*, 718 F.3d 996, 1000 (8th Cir. 2013). In addition, for a plaintiff to have standing to attack a statute as unconstitutionally vague, he or she must allege an injury in fact that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Zanders*, 573 F.3d at 595 n.3.

Here, Hansmeier lacks standing to assert his as-applied void-for-vagueness claims for two distinct reasons. First, Hansmeier "has wholly failed to allege facts suggesting that his conduct implicates any of the unclear contours" of the Challenged Statutes. *Muhannad v. Peterson*, No. 16-cv-349, 2017 WL 5956892, *3 (D. Neb. Mar. 13, 2017), *aff'd*, 718 Fed. App'x 452 (8th Cir. 2018) (per curiam). As already explained, he does not allege having undertaken or planning to undertake any conduct relevant to the allegedly vague provisions of the mail fraud, wire fraud, and extortion statutes to which he points. For this reason alone, Hansmeier lacks standing for his Fifth Amendment claims and dismissal is warranted.

Second, Hansmeier has not alleged any adequate injury for purposes of Article III standing. *Zanders*, 573 F.3d at 595 n.3 (finding claims "too conjectural or hypothetical to support the exercise of our jurisdiction"). While Hansmeier incants in both cases that he suffers "ongoing and irreparable harm," nowhere does he specify the concrete harm he is suffering. Such bald allegations of injury, without more, are not enough to avoid dismissal in this context. *Burton v. Cent. Interstate Low-Level Radioactive Waste Compact Comm'n*, 23 F.3d 208, 210 (8th Cir. 1994). Because Hansmeier lacks standing to bring his Fifth

Amendment claims for this additional reason, the Court lacks subject-matter jurisdiction over them and dismissal is warranted.

### c. "Separation of Powers" Claims Fail

In both suits, Hansmeier claims that the Challenged Statutes unconstitutionally intrude upon the legislative and judicial powers. *Hansmeier I*, Am. Compl., Dkt. 35, ¶ 76; *Hansmeier II*, Am. Compl., Dkt. 34, ¶ 44. For the same reasons already discussed, Hansmeier lacks standing to bring these claims. *Cf. Bhatti v. Fed. Housing Fin. Agency*, 332 F. Supp. 3d 1206, 1214 (D. Minn. 2018) (PJS/HB) (noting requirement of injury to support separation-of-powers claim). Hansmeier's only alleged "separation of powers" injury—that the Federal Defendants' possible future interpretation of the Challenged Statutes might intrude upon the legislative and judicial powers—is not an "injury in fact." *Id.* Such a hypothetical injury is not a "concrete" interest sufficient to confer standing in this context. *Buckley v. Valeo*, 424 U.S. 1, 117 (1976) (per curiam). For this reason alone, dismissal is warranted.

Even if Hansmeier had standing to assert the separation-of-powers claims, any argument that the Federal Defendants intrude upon Congress' authority by prosecuting the Challenged Statutes is unavailing. The Eighth Circuit has recognized that the Attorney General, under whom the Federal Defendants operate, "acts within his authority when he delegates intra-agency to accomplish the duties given to him by Congress." *Reyes-Vasquez v. Ashcroft*, 395 F.3d 903, 906 (8th Cir. 2005); *see also* 28 U.S.C. §§ 510, 541, 542. Congress has specifically authorized the Attorney General, and by extension the U.S. Attorneys and Assistants U.S. Attorneys, to prosecute criminal offenses, including the mail

fraud, wire fraud, and extortion statutes. 28 U.S.C. § 547. Ironically, Hansmeier's request that this Court anticipatorily declare the Federal Defendants' potential future prosecutorial decisions unconstitutional ignores that such a finding would itself run afoul of separation of powers concerns. *See U.S. v. Jacobo-Zavala*, 241 F.3d 1009, 1012 (8th Cir. 2001) ("Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made[.]" (internal quotation marks omitted)). The separation-of-powers claims thus fail not only for lack of jurisdiction, but also for failure to state a claim.

### d. *Heck* Doctrine

Hansmeier's constitutional claims also fail pursuant to the *Heck* doctrine. *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* doctrine provides that a civil damages case cannot proceed if its success would necessarily imply the invalidity of a criminal conviction, unless the prisoner can demonstrate that his conviction or sentence has previously been reversed on direct appeal, expunged by executive order, or otherwise invalidated. *Id.* at 487. Although *Heck* involved a § 1983 claim, actions seeking non-monetary relief, such as Hansmeier's, may not proceed where they would call into question the lawfulness of his detention. *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (indicating that under *Heck*, court disregards form of relief sought and instead looks to essence of plaintiff's claims); *Smith v. Leslie*, No. 18-cv-3478, 2019 WL 2029502, *2 (D. Minn. Feb. 7, 2019) (SRN/SER) (applying *Heck* to claims for injunctive relief), *report and recommendation adopted*, 2019 WL 1058254 (D. Minn. Mar. 6, 2019); *Barnes v. U.S.*, No. 03-cv-3655, 2003 WL 22901891, *2 (D. Minn. Dec. 8, 2003) (MJD/JGL) (barring

19

declaratory judgment claim under *Heck* where requested order "would undermine [plaintiff's] conviction"). Simply put, the *Heck* doctrine is intended to prevent a collateral attack on a conviction through the vehicle of a civil suit. *Heck*, 512 U.S. at 484-86. A claim barred by the *Heck* doctrine is subject to dismissal pursuant to Rule 12(b)(6). *See, e.g.*, *Cooke v. Peterson*, No. 12-cv-1587, 2012 WL 6061724, *2 (D. Minn. Dec. 6, 2012) (DSD/JJK).

As a threshold matter, Hansmeier does not allege that his conviction has been invalidated. (Nor can he; his appeal of his criminal conviction remains pending before the Eighth Circuit. *United States v. Hansmeier*, No. 16-cr-334 (D. Minn.) (JNE/KMM), *appeal filed*, No. 19-2386 (8th Cir. filed June 28, 2019)). Because Hansmeier's conviction stands, and because if Hansmeier were to prevail on his constitutional claims it would necessarily undermine his convictions, such causes of action are barred by the *Heck* doctrine. Indeed, Hansmeier actually pleaded initially that his criminal case "is at issue in this case." *Hansmeier II*, Compl., Dkt. 1-1 ¶ 2. But simply omitting this concession from his amended complaints does not change the fact that the relief he seeks is sweeping: findings that the Challenged Statutes violate the First and Fifth Amendments, as well as separation-of-powers considerations. *Hansmeier I*, Am. Compl., Dkt. 35 at Prayer for Relief; *Hansmeier II*, Am. Compl., Dkt. 34 at Prayer for Relief. Tellingly, Hansmeier already made such arguments in his criminal case and they were rejected. *See* Def.'s Mem. in Support of Pretrial Mot. to Dismiss, *U.S. v. Hansmeier*, No. 16-cr-334, Dkt. 49 at 5, 58-59 (D. Minn. Apr. 24, 2017) (JNE/KMM) (arguing that mail fraud and wire fraud counts were "constitutionally invalid" and that the theory of mail and wire fraud advanced by the

government in his criminal case violated his First Amendment and Fifth Amendment rights, as well as constitutional separation-of-powers concerns); Order, *id.*, Dkt. 76 (D. Minn. Sept. 8, 2017) (denying motion to dismiss). Hansmeier cannot convincingly argue that the instant suits are unrelated to his criminal convictions. Hansmeier's latest effort is exactly what the *Heck* doctrine proscribes: a collateral attack on a conviction through the vehicle of a civil suit. *Heck*, 512 U.S. at 484-86. For this additional reason, the constitutional claims should be dismissed.

### 3.     Declaratory Judgment Claims Fail

Hansmeier's declaratory judgment claims should also be dismissed in the absence of a jurisdictional basis for such claims. Although liberally construed, *Smith*, 19 F.3d at 1255, a pro se complaint must nonetheless set forth the proper jurisdictional bases for the plaintiff's claims. *See, e.g.*, *Smith ex rel. Van Dalsen v. St. Vincent Infirmary*, 469 Fed. App'x 506, 506-07 (8th Cir. 2012) (per curiam). "In order to pursue a declaratory judgment action in federal court, therefore, the court must have an independent basis of jurisdiction." *AIR-vend, Inc. v. Thorne Indus., Inc.*, 625 F. Supp. 1123, 1125-26 (D. Minn. 1985).

Hansmeier pleads in both matters that the Court has jurisdiction over his claims pursuant to 28 U.S.C. § 1331, and that the Court may award him declaratory and injunctive relief "pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and this Court's inherent equitable jurisdiction." *Hansmeier I*, Am. Compl., Dkt. 35 ¶ 11; *Hansmeier II*, Am. Compl., Dkt. 34 ¶ 4. But as already explained, dismissal of Hansmeier's constitutional claims is warranted either for lack of subject-matter jurisdiction, for failure to state a claim upon which relief can be granted, or for both reasons. As a result, § 1331

on its own is not a sufficient basis for subject-matter jurisdiction to support the declaratory judgment claims. *North Central F.S., Inc. v. Brown*, 951 F. Supp. 1383, 1394-95 (N.D. Iowa 1996). Likewise, § 2201 cannot provide an independent basis for the Court's jurisdiction. *E.g.*, *Doe v. Univ. of St. Thomas*, 240 F. Supp. 3d 984, 989 (D. Minn. 2017) (JRT/KMM); *Mohamed v. Melville*, No. 06-cv-1116, 2007 WL 1721964, *3 (D. Minn. June 8, 2007) (JMR/FLN) (noting that the Declaratory Judgment Act "offers a remedy in cases where jurisdiction already exists; it is not an independent basis for jurisdiction."). Finally, any argument that the Court has subject-matter jurisdiction here to issue declaratory judgments pursuant to its "inherent equitable jurisdiction" is unfounded. Hansmeier fails to identify an appropriate basis for subject-matter jurisdiction over his declaratory judgment claims, and dismissal is warranted on this first basis alone.

Even if the court were to conclude that it has jurisdiction over either declaratory judgment claim, such claims would fail for a second reason: for reasons already explained, Hansmeier has failed to articulate an actual, live controversy in either case. *See, e.g.*, *Diagnostic Unit Inmate Council v. Films Inc.*, 88 F.3d 651, 653 (8th Cir. 1996) (noting that a declaratory judgment requires a "substantial controversy" with "sufficient immediacy and reality") (internal quotation marks omitted). By Hansmeier's own admission, he seeks declaratory judgments to obtain advance ratification of possible future activity. *Hansmeier I*, Am. Compl., Dkt. 35, ¶ 7 (describing activity Hansmeier "seeks" to undertake and circumstances he "expects" to encounter); *Hansmeier II*, Am. Compl., Dkt. 34, ¶ 7. His declaratory judgment claims boil down to requests for advisory judgments, but "[t]he Supreme Court has long made clear that the declaratory judgment procedure 'may not be

made the medium for securing an advisory opinion in a controversy which has not arisen.'"

*Diocese of St. Cloud v. Arrowood Indem. Co.*, No. 17-cv-2002, 2018 WL 296077, *3 (D.

Minn. Jan. 4, 2018) (JRT/LIB) (quoting *Coffman v. Breeze Corp.*, 323 U.S. 316, 324

(1945)). For this second reason, the declaratory judgment claims fail.

Declaratory relief is not warranted for a third reason. Just as Hansmeier's

constitutional claims are *Heck*-barred, so are his declaratory judgment claims. *Barnes v.*

*U.S.*, No. 03-cv-3655, 2003 WL 22901891, *2 (D. Minn. Dec. 8, 2003) (MJD/JGL). In

both cases, Hansmeier seeks sweeping declarations that the Challenged Statutes are

unconstitutional as applied to him. Such far-reaching declarations would impermissibly

undermine Hansmeier's convictions, which have not been overturned. For this additional

reason, dismissal is warranted under Fed. R. Civ. P. 12(b)(6).

### 4. Injunctive Relief Claims Fail

Hansmeier's injunction claims should also be dismissed, both because this court

lacks jurisdiction to order the requested relief and because Hansmeier's amended

complaints fail to state a claim entitling him to such relief. Hansmeier seeks "immediate

injunctive relief" in order to enjoin the Federal Defendants from "[e]nforcing or threatening

to enforce" the Challenged Statutes against Hansmeier in connection with his anticipated

copyright claims against John Doe and his planned conduct relating to ADA enforcement.

*Hansmeier I*, Am. Compl., Dkt. 35 ¶ 66, Prayer for Relief; *Hansmeier II*, Am. Compl., Dkt.

34 ¶ 45, Prayer for Relief.

As he failed to do with respect to his claims for declaratory judgment, Hansmeier

does not identify any basis for this Court's jurisdiction over the injunctive claims in the

absence of a federal question. Furthermore, even if the Court had jurisdiction to order injunctive relief, it is inappropriate here. Hansmeier's complaints are simply devoid of the sort of facts that must be pleaded to demonstrate entitlement to injunctive relief, namely (1) a likelihood of success on the merits; (2) a substantial threat that Hansmeier will suffer irreparable injury if the injunctions are not granted; (3) that the threatened injury to Hansmeier outweighs any threatened harm the injunctions may cause the Federal Defendants; and (4) that the injunctions are in the public interest. *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). The party seeking injunctive relief bears the burden of proof with regard to each of the factors to be considered. *Doe v. LaDue*, 514 F. Supp. 2d 1131, 1135 (D. Minn. 2007) (DSD/SRN).

Hansmeier cannot show that he has a likelihood of success on the merits. To the contrary, for the reasons already discussed, he is not likely to prevail. Indeed, serious questions regarding a court's jurisdiction weigh *against* entry of injunctive relief because potential impediments to even reaching the merits make a plaintiff's claims less likely to succeed. *Munaf v. Geren*, 553 U.S. 674, 690 (2008). Nor has Hansmeier made any effort to plead how he will suffer "irreparable" injury in the absence of an injunction, or that the threatened injury to him without equitable relief would outweigh harm to the Federal Defendants if the Court grants an injunction. His repeated incantations that the Federal Defendants are causing "ongoing and irreparable harm" are not enough. *Stennes v. Summit Mortg. Corp.*, No. 12-cv-913, 2012 WL 5378092, *5 (D. Minn. July 11, 2012) (SRN/AJB), *report and recommendation adopted*, 2012 WL 5378086 (D. Minn. Oct. 31, 2012), *aff'd*, 513 Fed. App'x 631 (8th Cir. 2013) (per curiam). Finally, though Hansmeier purports to

believe that his planned conduct serves some public interest, his complaint does not adequately allege that the *injunctions* he requests servess the public interest.  Indeed, as already noted, the Federal Defendants are responsible pursuant to the Attorney General's delegated authority for enforcing federal criminal law, 28 U.S.C. § 547; the Federal Defendants thus have a strong interest in, and the public interest is served by, preserving prosecutorial discretion that would be undermined by an order broadly enjoining them from discharging this duty.  The injunction claims should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Langner should be dismissed and removed from the case captions, and this Court should grant the remaining Federal Defendants' consolidated motion to dismiss the amended complaints.

Respectfully submitted,

Dated:  January 29, 2021

ERICA H. MacDONALD
United States Attorney

*s/ Kristen E. Rau*

BY:  KRISTEN E. RAU
Assistant U.S. Attorney
Attorney ID No. 0397907
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Kristen.Rau@usdoj.gov
(612) 759-3180

*Attorneys for the Federal Defendants*