UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 20-CV-2155 (JRT/LIB)
Civil No. 20-CV-2156 (JRT/LIB)

IN RE: HANSMEIER V. MCLAUGHLIN, ET AL., LITIGATION

| | |
|---|---|
| PAUL HANSMEIER,<br><br>    Plaintiff,<br><br>DAVID MACLAUGHLIN, BENJAMIN LANGER, W. ANDERS FOLK[1]; and LOOKER'S GENTLEMEN'S CLUB, LLC,<br><br>    Defendants.<br><br>*AND*<br><br>PAUL HANSMEIER,<br><br>    Plaintiff,<br><br>DAVID MACLAUGHLIN; BENJAMIN LANGER; W. ANDERS FOLK; and JOHN DOE,<br><br>    Defendants. | **REPLY MEMORANDUM IN SUPPORT OF CONSOLIDATED MOTION TO DISMISS AMENDED COMPLAINTS** |

## Introduction

Hansmeier's response is an effort to distract the Court from the insufficiency of the pleaded allegations, from the fact that his claims are flawed on the merits, and from the

---

[1] Acting U.S. Attorney W. Anders Folk is automatically substituted for former U.S. Attorney Erica H. MacDonald under Fed. R. Civ. P. 25(d).

reality that his Amended Complaints are little more than an attempt to harass his former criminal prosecutors. Dismissal is warranted.

## Argument

### I. Constitutional Claims Fail

#### A. First Amendment Claims

Hansmeier lacks standing because he has not alleged a sufficient injury-in-fact. He first insists that he has done so because he alleged "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, and [that] there exists a credible threat of prosecution thereunder." Pl. B. at 6 (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158-59 (2014)). But Hansmeier ignores that a party's decision to chill his speech in light of the challenged statute must be "objectively reasonable." *Zanders v. Swanson*, 573 F.3d 591, 594 (8th Cir. 2009). An alleged risk of prosecution is objectively reasonable only where the statute *actually applies to the planned conduct*. *Republican Party of Minn. v. Klobuchar*, 381 F.3d 785, 792-93 (8th Cir. 2004). "A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Babbitt*, 442 U.S. at 298.

As for *Hansmeier I*, the Amended Complaint does not even mention an intention to utilize the mails or wires. He does not allege, for example, whether he plans to convey settlement demands to private defendants in the planned ADA enforcement actions by letter, by email, or in person. The Amended Complaint does recognize, however, that "[t]he federal mail and wire fraud statutes create liability *when a person uses the mail or*

2

*wires."* *Hansmeier I*, Doc. 35, ¶ 5 (D. Minn.) (emphasis added).  In the laundry list of activities Hansmeier alleges that he has undertaken or wishes to undertake, not a single one involves the mail or wire systems.  *Id.* ¶¶ 40-41, 43.  Hansmeier's silence on this point in his response speaks volumes.

As for *Hansmeier II*, Hansmeier pleads only that he caused another individual to upload a video to a website.  *Hansmeier II*, Doc. 34, ¶ 5 (D. Minn.).  And while such alleged activity at least relates to the wire system because it involves the internet, which is more than can be said for the allegations in *Hansmeier I*, he cannot credibly argue that such activity is "proscribed by statute" and that he is at risk for prosecution in connection with it.  It would be nonsensical and unfounded to argue that the wire fraud statute forbids the posting of content to the internet.  No other alleged conduct in *Hansmeier II* relates to the mail or wire systems.

Likewise, neither Amended Complaint alleges an intention to undertake activity arguably covered by § 1951.  The claims pertaining to the extortion statute rest on Hansmeier's assumption that the Federal Defendants might interpret future unalleged conduct as being covered by § 1951, but any claim based on this theory is hypothetical.  As already argued, "it is too speculative for standing purposes to allege that [a] statute *could* be manipulated," and Hansmeier has not "nudged [his] claims across the line from conceivable to plausible."  *Zanders*, 573 F.3d at 598 (emphasis in original) (internal quotation marks omitted).  Hansmeier has not pleaded allegations sufficient to support an inference that his *subjective* decision to chill his own speech is *objectively* reasonable because he does not allege an intention to undertake conduct covered by the Challenged

3

Statutes. *Christian Action League of Minn. & Ann Redding v. Freeman*, No. 20-cv-1081, 2020 WL 6566402, *5 (D. Minn. Nov. 9, 2020) (ADM/TNL) ("Plaintiffs do not allege that they intend to do anything that would constitute harassment . . . . Accordingly, Plaintiffs' decision to chill their speech was not objectively reasonable and cannot provide a basis for Article III standing.")

Alternatively, Hansmeier insists that he has pleaded an adequate injury because he alleged "self-censorship based upon a credible threat of future prosecution." *Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 794 (8th Cir. 2016). An alleged "credible" risk of prosecution must be more than "speculative" level. With regard to *Hansmeier II*, Hansmeier specifically alleged that his proposed conduct "will eliminate any reason for Defendants to claim that Hansmeier is concealing his use of an investigator or his involvement with the claims." *Hansmeier II*, Am. Compl., Dkt. 34 ¶ 9. It must be remembered, however, that Hansmeier's criminal prosecutions and convictions stemmed from his efforts to mislead courts and parties in copyright enforcement lawsuits about his personal involvement and financial interest in those matters. Indictment, *United States v. Paul R. Hansmeier, et al.*, No. 16-cr-334, Dkt. 1, ¶ 1 (D. Minn. Dec. 14, 2016). Hansmeier's argument is that his past prosecution must mean that there is a risk he will be prosecuted in connection with new and different conduct. But that argument is no more than Hansmeier's speculation. Now, in an apparent effort to rewrite his pleadings, Hansmeier argues that the Federal Defendants "threatened Hansmeier with criminal prosecution/actually prosecuted Hansmeier for engaging in the conduct described in the Amended Complaints." Pl. Br. at 10. But that is not what the Amended Complaint alleges,

and it is the pleading that matters. *Morgan Dist. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal quotation marks omitted)). Hansmeier was prosecuted for conduct that he expressly pleaded is different from that which he now proposes. His argument is not persuasive and does not raise any alleged risk of prosecution above the speculative level. *Monson v. Drug Enforcement Admin., et al.*, 589 F.3d 952, 958 (8th Cir. 2009); *Babbitt*, 442 U.S. at 298-99.

The *Heck* doctrine also bars Hansmeier's First Amendment claims. The Amended Complaints in *Hansmeier I* and *II* reflect Hansmeier's third and fourth attempts to litigate this issue. The Court rejected his constitutional attacks in his criminal case, Def.'s Mem. in Support of Pretrial Mot. to Dismiss, *U.S. v. Hansmeier*, No. 16-cr-334, Dkt. 49 at 5, 58-59 (D. Minn. Apr. 24, 2017) (JNE/KMM) (arguing that mail fraud and wire fraud counts were "constitutionally invalid" and that the theory of mail and wire fraud advanced by the government in his criminal case violated his First Amendment and Fifth Amendment rights, as well as constitutional separation-of-powers concerns); Order, *id.*, Dkt. 76 (D. Minn. Sept. 8, 2017) (denying motion to dismiss). On appeal from his criminal conviction, the Eighth Circuit Court of Appeals again rejected Hansmeier's arguments. *U.S. v. Hansmeier*, No. 19-2386 (8th Cir. decided Feb. 10, 2021). The Amended Complaints now collaterally attack Hansmeier's convictions through the vehicle of a civil suit. *Heck*, 512 U.S. at 484-86. A blanket finding that the mail fraud and wire fraud statutes are unconstitutional would jeopardize Hansmeier's convictions for conspiracy to commit mail

fraud and wire fraud. For this additional reason, the constitutional claims should be dismissed.

### B. Fifth Amendment Claims

The Fifth Amendment claims also fail. As argued in the opening brief, a Fifth Amendment claimant must allege an injury in fact and must allege facts suggesting that the relevant conduct implicates "unclear contours" of the statutes at issue. *Zanders*, 573 F.3d at 595 n.3; *Muhannad v. Peterson*, No. 16-cv-349, 2017 WL 5956892, *3 (D. Neb. Mar. 13, 2017), *aff'd*, 718 Fed. App'x 452 (8th Cir. 2018) (per curiam). Hansmeier fails to do either. First, he insists that his Amended Complaints "easily satisfy the requirements of alleging injury in fact arising from a deprivation of his First Amendment rights." Pl. Br. at 11 (emphasis added). But as already explained, Hansmeier failed to allege an adequate injury to establish standing for his First Amendment claims. To the extent Hansmeier's Fifth Amendment injury is limited to that which he argues supports his First Amendment claim, they all fail.

Hansmeier also failed to allege facts demonstrating that his conduct implicates any allegedly unclear contours of the Challenged Statutes. Hansmeier argues in response that he "allege[d] a plan to engage in petitioning activity." Pl. Br. at 11. Again, this argument ignores that the Amended Complaints simply do not allege a plan to use the mail or wire systems. There is no reason to assume that the mail fraud or wire fraud statutes are relevant to Hansmeier's suits, let alone that his suits implicate any of their "unclear contours." Similarly, with regard to his Fifth Amendment claims pertaining to the extortion statute, Hansmeier wants to Court to assume that his planned conduct could be interpreted as

extortion. But he only broadly describes in his allegations conduct that he pleads he wishes to undertake, describing it in *Hansmeier I* as "offer[ing] Lookers an opportunity to settle their claims if Lookers ceases its discrimination and offers a monetary payment," *Hansmeier I*, Dkt. 35, ¶ 7, and in *Hansmeier II* as "add[ing] claims against John Doe for copyright infringement," *Hansmeier II*, Dkt. 34, ¶ 7. Nothing about this pleaded activity implicates any "unclear contours" of § 1951. Hansmeier wants the Court to assume that unalleged activity would relate to the mail fraud, wire fraud, and extortion statutes. But while the Court must make all reasonable inferences in Hansmeier's favor, *Varga v. U.S. Bank Nat'l Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014), it should not supply key facts that are not alleged.

### C. Separation of Powers Claims

Hansmeier lacks standing to bring his separation of powers claims. To the extent Hansmeier's only alleged injury is "the deprivation of First Amendment rights," for the same reasons already described, that injury is not sufficiently alleged. To the extent the alleged injury is that the Federal Defendants' possible future interpretation of the Challenged Statutes might intrude upon the legislative and judicial powers, that is not a "concrete" interest sufficient to confer standing in this context. *Buckley v. Valeo*, 424 U.S. 1, 117 (1976) (per curiam).

Even if Hansmeier had standing to assert his separation of powers claims, they fail on the merits. As argued in the Federal Defendants' opening brief, Br. at 18-19, it is well-settled that the Attorney General, under whom the Federal Defendants operate, "acts within his authority when he delegates intra-agency to accomplish the duties given to him by

7

Congress." *Reyes-Vasquez v. Ashcroft*, 395 F.3d 903, 906 (8th Cir. 2005); *see also* 28 U.S.C. §§ 510, 541, 542. Congress has specifically authorized the Attorney General, and by extension the U.S. Attorneys and Assistants U.S. Attorneys, to prosecute criminal offenses, including the mail fraud, wire fraud, and extortion statutes. 28 U.S.C. § 547. Hansmeier does not point to any authority in support of his argument that the Federal Defendants' potential prosecutorial decisions "impermissibly interfere with the legislative and judicial powers." Br. at 13-14. The separation of powers claims fail for lack of standing and on the merits.

## II. Declaratory and Injunctive Relief Claims Fail

The Federal Defendants previously argued that the declaratory and injunctive relief claims, like the constitutional claims, should be dismissed because, among other reasons, Hansmeier failed to articulate an actual, live controversy in either case. Br. at 10-18, 22-25. Hansmeier responded to that argument in cursory fashion, Pl. Br. at 13, and the Federal Defendants maintain that dismissal is warranted due to lack of standing.

Hansmeier's brief, however, does not even bother to address the Federal Defendants' argument that—in the absence of a cognizable constitutional claim—neither § 1331, § 2201, nor the Court's "inherent equitable jurisdiction" confer subject-matter jurisdiction on this Court over his declaratory judgment or injunctive relief claims. *Doe v. Univ. of St. Thomas*, 240 F. Supp. 3d 984, 989 (D. Minn. 2017) (JRT/KMM); *Mohamed v. Melville*, No. 06-cv-1116, 2007 WL 1721964, *3 (D. Minn. June 8, 2007) (JMR/FLN); *North Central F.S., Inc. v. Brown*, 951 F. Supp. 1383, 1394-95 (N.D. Iowa 1996).

Likewise, Hansmeier failed to respond to the Federal Defendants' argument that the Amended Complaints are devoid of the sort of facts that must be pleaded to demonstrate entitlement to injunctive relief. *See* Br. at 23-25 (listing factors enumerated in *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)). Again, Hansmeier's silence in response to this argument speaks volumes.

### III.   Langner is Not a Proper Defendant

Much of Hansmeier's response is dedicated to arguing that Defendant Langner has waived the opportunity to argue lack of personal jurisdiction, and that he has waived the opportunity to challenge Hansmeier's failure to effect proper service. But the Court should not be distracted by Hansmeier's efforts to complicate this issue.

To the extent Hansmeier seeks to assert claims against Langner in his individual capacity, Langner has not been served, appeared, or responded to the claims in this matter. *See* Decl. of Benjamin Langner, *Hansmeier I*, ¶ 5 (D. Minn. Jan. 29, 2021). Notice of Appearance and Substitution of Counsel for Defendants, *Hansmeier I*, Doc. 11 (D. Minn. Nov. 20, 2020) (appearance on behalf of "Federal Defendants"); Notice of Appearance and Substitution of Counsel for Defendants, *Hansmeier II*, Doc. 11 (D. Minn. Nov. 20, 2020) (same).

To the extent Hansmeier seeks to assert claims against Langner in his official capacity, even setting aside the service and personal jurisdiction arguments, Hansmeier's response does not demonstrate that Langner a proper defendant. One point warrants particular emphasis: *Langner is no longer a government employee.* Langner Decl., *Hansmeier I*, ¶ 5 (D. Minn. Jan. 29, 2021). He has no ability to provide any sort of

9

declaratory or injunctive relief relating to the prosecutorial decisions of the U.S. Attorney's Office for the obvious reason that *he does not work there.*

Again, to establish standing, a plaintiff must show that his injury is fairly traceable to the challenged conduct of the defendant and will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). It is Hansmeier's burden to establish standing. *Id.* at 561. "[W]hen a plaintiff brings a pre-enforcement challenge to the constitutionality of a particular statutory provision, the causation element of standing requires the named defendants to possess authority to enforce the complained-of provision. *Calzon v. Hawley*, 866 F.3d 866, 869 (8th Cir. 2017). Even if Hansmeier were to succeed on the merits of his claims, Langner simply could not act as Hansmeier demands. Hansmeier's claims are thus not "fairly traceable" to any conduct by Langner, nor would his alleged injury be redressable by Langner. Hansmeier thus lacks standing to assert the claims in his Amended Complaints against Langner, and subject-matter jurisdiction is lacking. *Final Exit Network, Inc. v.* Ellison, 370 F. Supp. 3d 995, 1013 n.7 (D. Minn. Feb. 22, 2019) (lack of standing properly raised in reply brief because jurisdictional argument may be raised at any time).

Langner is not a proper defendant. At best, for all the reasons outlined above, these suits are entirely baseless. At worst, they reflect an attempt by Hansmeier to harass his former criminal prosecutors. Langner is now a private citizen with no government authority. At a minimum, he should be dismissed from these cases and his name removed from the captions.

## Conclusion

For the foregoing reasons, the Court should dismiss the Amended Complaints.

                                          Respectfully submitted,

Dated:  May 6, 2021                        W. ANDERS FOLK
                                          Acting United States Attorney

                                          *s/ Kristen E. Rau*

                                          BY:  KRISTEN E. RAU
                                          Assistant U.S. Attorney
                                          Attorney ID No. 0397907
                                          600 U.S. Courthouse
                                          300 South Fourth Street
                                          Minneapolis, MN 55415
                                          Kristen.Rau@usdoj.gov
                                          (612) 759-3180

                                          *Attorneys for the Federal Defendants*