UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 20-CV-2155 (JRT/LIB)
Civil No. 20-CV-2156 (JRT/LIB)
***Civil No. 20-CV-748 (JRT/LIB)***

IN RE: HANSMEIER V. MCLAUGHLIN, ET AL., LITIGATION

PAUL HANSMEIER,

        Plaintiff,

                                      **MEMORANDUM IN**
                                      **SUPPORT OF MOTION TO**
                                      **STAY**

DAVID MACLAUGHLIN, BENJAMIN
LANGER, ANDERS FOLK; and
DI MA CORPORATION,

        Defendants.

---

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 21-cv-1167(PJS/LIB)

PAUL HANSMEIER,

                Plaintiff,
    v.

DAVID MACLAUGHLIN, BENJAMIN
LANGNER, ANDERS FOLK; and
PORTLAND CORPORATE CENTER, LLC,

                                **MEMORANDUM IN**
                                **SUPPORT OF MOTION TO**
                                **STAY**

        Defendants.

Defendants David MacLaughlin, Benjamin Langner, and W. Anders Folk ("Federal Defendants") respectfully request a stay of the proceedings in *Hansmeier v. MacLaughlin, et al.*, 21-cv-748 (D. Minn.) (JRT/LIB) ("*Hansmeier III*"), and *Hansmeier v. MacLaughlin, et al.*, 21-cv-1167 (PJS/LIB) (D. Minn.) ("*Hansmeier IV*"),[1] for the following reasons:

1.      Pro se plaintiff Paul Hansmeier, an inmate at the Federal Correctional Institution (FCI) in Sandstone, Minnesota, has commenced four lawsuits against the former prosecutors in his criminal case and the former and current acting United States Attorneys, as well as various private parties, since September 2020.   *See Hansmeier v. MacLaughlin, et al.*, 20-cv-2155 (D. Minn.) (JRT/LIB) ("*Hansmeier I*"); *Hansmeier v. MacLaughlin, et al.*, 20-cv-2156 (D. Minn.) (JRT/LIB) ("*Hansmeier II*"); *Hansmeier v. MacLaughlin, et al.*, 21-cv-748 (D. Minn.) (JRT/LIB) ("*Hansmeier III*"); *Hansmeier v. MacLaughlin, et al.*, 21-cv-1167 (PJS/LIB) (D. Minn.) ("*Hansmeier IV*").

2.      *Hansmeier I*, *II*, and *III* have previously been consolidated.   *Id.*, Docs. 24, 59.   The Federal Defendants' motion to consolidate *Hansmeier IV* with the prior-filed cases remains pending.

3.      The Complaint in *Hansmeier IV* is, for all relevant purposes, practically identical to the Complaint in *Hansmeier III*.   *Compare Hansmeier III*, Doc. 1-1, *with Hansmeier IV*, Doc. 1-1.   The Complaints appear to be form pleadings with fill-in-the-

---

[1]   The Federal Defendants have filed a motion to consolidate *Hansmeier v. MacLaughlin, et al.*, 21-cv-1167 (PJS/LIB) , Doc. 3(D. Minn.) ("*Hansmeier IV*"), with three cases previously filed by Hansmeier, and that motion is pending.   This same memorandum in support of the motions to stay proceedings is thus filed both in *Hansmeier III* (one of the prior-filed, consolidated cases) and in *Hansmeier IV* (the most-recently filed, not-consolidated matter).

blank formatting; each asserts the same claims as those at issue in *Hansmeier II*, Doc. 1-1, namely, that he is entitled to a declaratory judgment and injunctive relief on his claims that the mail fraud, wire fraud, and extortion statutes allegedly infringe on his constitutional rights.

4.   The Federal Defendants' reply in support of their motion to dismiss *Hansmeier I* and *Hansmeier II* has been filed., meaning the motion has been fully briefed and awaits the Court's determination.   If the Court rules in favor of the Federal Defendants, Hansmeier's claims in *Hansmeier I* and *Hansmeier II* may well be precluded. *See, e.g., Minneapolis Auto Parts Co., Inc. v. City of Minneapolis*, 739 F.2d 408, 409 (8th Cir. 1984), *cited with approval in Cimasi v. City of Fenton, Mo.,* 838 F.2d 298 (8th Cir. 1988); *see also Roach v. Teamsters Local Union No. 688*, 595 F.2d 446, 449 n.4 (8th Cir. 1979) (noting res judicata is not defeated by the inclusion of an additional party).   It is appropriate to stay the proceedings in *Hansmeier III* and *Hansmeier IV* until the Court has ruled on the pending motion to dismiss.

5.   Furthermore, the interest of judicial economy favors a stay of the proceedings in *Hansmeier III* and *Hansmeier IV*.   *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also, e.g.*, *Transam. Ins. Co. v. Int'l Broadcasting Corp.*, No. 97-cv-1381, 1999 WL 33912310, *1 (D. Minn. (Mar. 3, 1999) (Tunheim, J.) (granting motion to stay further proceedings where related case's pending motion would render case moot and noting interest of judicial economy).   "Deciding whether to stay

proceedings 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Management Registry, Inc. v. A.W. Cos., Inc.*, No. 17-cv-5009, 2020 WL 6264467, *2 (D. Minn. Oct. 23, 2020) (Tunheim, J.) (citing *Landis*, 299 U.S. at 254-55); *see also Karsjens v. Piper*, No. 11-cv-3659, 2017 WL 1743511, *4 (D. Minn. May 3, 2017) (DWF/TNL) (emphasizing interest of judicial economy as particularly relevant factor).

6.     This motion is not made for any dilatory purpose and good cause exists for proceedings to be stayed.   A stay of proceedings in *Hansmeier III* and *Hansmeier IV* would allow the Court to rule on the pending motion to dismiss, would avoid duplicative briefing, and would conserve judicial resources and those of the parties.

7.     Hansmeier's position regarding this motion is not known and not readily ascertainable due to his incarceration.

8.     A Proposed Order granting this motion will be filed on CM/ECF and e-mailed to chambers.

<div style="margin-left:40%">

Respectfully submitted,
</div>

Dated:   May 6, 2021

<div style="margin-left:40%">

W. ANDERS FOLK
Acting United States Attorney

*s/ Kristen E. Rau*

BY:   KRISTEN E. RAU
Assistant U.S. Attorney
Attorney ID No. 0397907
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Kristen.Rau@usdoj.gov
(612) 759-3180
</div>