UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 20-CV-2155 (JRT/LIB)
Civil No. 20-CV-2156 (JRT/LIB)
Civil No. 20-CV-748 (JRT/LIB)

IN RE: HANSMEIER V. MCLAUGHLIN, ET AL., LITIGATION

| | |
|---|---|
| PAUL HANSMEIER, <br><br>              Plaintiff, <br>  v. <br><br>DAVID MACLAUGHLIN, BENJAMIN LANGNER, ANDERS FOLK; and LOOKER'S GENTLEMEN'S CLUB, LLC, <br><br>              Defendants. | **FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR FILING RESTRICTION** |

*AND*

PAUL HANSMEIER,

              Plaintiff,
  v.

DAVID MACLAUGHLIN, BENJAMIN LANGNER, ANDERS FOLK; and JOHN DOE,

              Defendants.

*AND*

PAUL HANSMEIER,

              Plaintiff,
  v.

DAVID MACLAUGHLIN, BENJAMIN LANGNER, ANDERS FOLK; and DI MA CORPORATION,

              Defendants.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 21-CV-1167 (JRT/LIB)

PAUL HANSMEIER,

        Plaintiff,

v.

DAVID MACLAUGHLIN, BENJAMIN LANGNER, ANDERS FOLK; and PORTLAND CORPORATE CENTER, LLC,

        Defendants.

**FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR FILING RESTRICTION**

---

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 21-CV-1426 (___/___)

PAUL HANSMEIER,

        Plaintiff,

v.

DAVID MACLAUGHLIN, BENJAMIN LANGNER, ANDERS FOLK; and ASHTON PANKONIN,

        Defendants.

**FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR FILING RESTRICTION**

2

Defendants David MacLaughlin, Benjamin Langner, and W. Anders Folk ("Federal Defendants"), sued in their official capacities, by and through their attorneys, W. Anders Folk, Acting U.S. Attorney for the District of Minnesota, and Kristen E. Rau, Assistant United States Attorney, respectfully request that the Court place a filing restriction on Paul Hansmsier, *pro se* plaintiff in the above-captioned matters, for the following reasons:

1. Since September 2020, *pro se* plaintiff Paul Hansmeier, an inmate at the Federal Correctional Institution (FCI) in Sandstone, Minnesota, has commenced at least five lawsuits for which the U.S. Attorney's Office has received Complaints purporting to assert claims against the prosecutors of his criminal case and the former or current acting United States Attorneys, as well as various private parties. *See Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2155 (D. Minn.) (JRT/LIB) ("*Hansmeier I*"); *Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2156 (D. Minn.) (JRT/LIB) ("*Hansmeier II*"); *Hansmeier v. MacLaughlin, et al.*, No. 21-cv-748 (D. Minn.) (JRT/LIB) ("*Hansmeier III*"); *Hansmeier v. MacLaughlin, et al.*, No. 21-cv-1167 (D. Minn.) (JRT/LIB) ("*Hansmeier IV*"); *Hansmeier v. MacLaughlin, et al.*, No. 21-cv-1426 (D. Minn.) (\_\_\_/\_\_\_) ("*Hansmeier V*").

2. *Hansmeier I*, *II*, *III*, *IV*, and *V* all assert claims against the Federal Defendants seeking declaratory and injunctive relief on the theory that the federal mail fraud, wire fraud, and extortion statutes are unconstitutional. Although the complaints and amended complaints in these matters are identical for all relevant purposes, Hansmeier has initiated separate lawsuits against the Federal Defendants, as well as various Minnesota businesses and members of the public. Specifically, while the Federal Defendants have been served with or received the summonses and/or complaints in the five above-captioned cases, the

U.S. Attorney's Office is aware of approximately *31* additional cases in which Hansmeier appears to be asserting the same claims against the Federal Defendants. Second Decl. of AUSA Kristen E. Rau, ¶ 2 (June 17, 2021).

3. Hansmeier has not filed these suits in state or federal court, but has instead "pocket-served" the Federal Defendants and certain individuals and companies according to Minn. R. Civ. P. 3.01(a), which does not require filing to initiate suit in Minnesota state court. Because the United States must remove a case within 30 days of receiving the initial pleading "through service or otherwise," 28 U.S.C. § 1446(b)(1), the Federal Defendants removed the cases to federal court, where they have been consolidated or deemed related. *See* Order to Consolidate Cases, *Hansmeier I*, Dkt. 24 (D. Minn. Dec. 8, 2020) (consolidating *Hansmeier I* and *Hansmeier II*); Order to Consolidate Cases, *Hansmeier III*, Dkt. 14 (D. Minn. Apr. 19, 2021) (JRT/LIB) (consolidating *Hansmeier III* with *Hansmeier I* and *Hansmeier II*); Order of Direction to the Clerk of Court for Reassignment of Related Case, *Hansmeier IV*, Dkt. 14 (D. Minn. May 20, 2021) (reassigning *Hansmeier IV* as a "related" case). The Federal Defendants' motion to consolidate *Hansmeier V* with the prior-filed cases remains pending. *Hansmeier V*, Dkt. __ (D. Minn. June 17, 2021) (___/___). In this manner, Hansmeier has avoided paying a filing fee in either state or federal court, contrary to one of the main purposes of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915A.

4. Even after being advised that one of the Federal Defendants is no longer a federal employee, *Hansmeier I* (as lead case), Decl. of Benjamin Langner, Dkt. 45 (corrected exhibit filed Feb. 1, 2021), Hansmeier has continued to pursue claims and

4

initiate suits against Mr. Langner for declaratory and injunctive relief that could not reasonably be expected to be recoverable from a member of the public who is a private citizen.

5. After the Federal Defendants' consolidated motion to dismiss the amended complaints in *Hansmeier I* and *II* was fully briefed, Hansmeier attempted to avoid judgment in those matters by filing a "Suggestion of Mootness" in the former and a notice of voluntary dismissal in the latter. *Hansmeier I*, Dkt. 67 (May 21, 2021); *Hansmeier II*, Dkt. 38 (May 21, 2021). As the Federal Defendants have argued elsewhere, Hansmeier's attempts to avoid judgment are improper. Consolidated Response in Opposition to "Suggestion of Mootness" and Notice of Voluntary Dismissal, *Hansmeier I* (as lead case), Doc. 70 (June 8, 2021). Indeed, these efforts seem to be Hansmeier's latest attempt to abuse the legal process, harass his former federal criminal prosecutors, and waste Court resources.

6. Most troublingly, Hansmeier has made misrepresentations to the Court either affirmatively or by omission in at least two of the five above-captioned cases. Specifically, in *Hansmeier I*, Hansmeier filed a "Declaration of Service on Defendant Looker's Gentlemen's Club, LLC" dated February 25, 2021. *Hansmeier I*, Doc. 51 (Mar. 4, 2021). In that declaration, Hansmeier represented that service had been completed on Looker's Gentlemen's Club, LLC ("Lookers"), through the Minnesota Secretary of State. *Id.* at 2. In the sworn declaration of an office supervisor at the Minnesota Secretary of State, however, it is clear that service has not been completed on Looker's through that office. *Hansmeier IV*, Decl. of Anna Rollinger, Doc. 19 ¶ 13 (June 7, 2021). Similarly,

5

in *Hansmeier IV*, Hansmeier represented that "Defendant Portland Corporate Center, LLC has been served at its Registered Office Address[.]" *Hansmeier IV*, Compl. Cover Ltr., Doc. 1-1 (May 6, 2021); *id.*, Mot. to Remand, Doc. 12 ¶ 4 (May 17, 2021). In fact, however, Portland Corporate Center LLC has not been served. *Id.*, Rollinger Decl. ¶ 14; *id.*, Decl. of AUSA Kristen Rau, Doc. 18 at ¶ 2 (June 7, 2021). Indeed, it appears that Hansmeier suggested to the Court that service was complete and effective despite knowing that it was not. *Compare Hansmeier IV*, Rau Decl., Doc. 18-1, Ex. 1 (Hansmeier letter dated May 16, 2021, recognizing that service was not complete), *with* Mot. to Remand, Doc. 12 (May 17, 2021) (motion dated May 13, 2021, suggesting that service was complete). At the very least, Hansmeier failed to correct the misinformation he had provided to the Federal Defendants and the Court once he became aware that it was inaccurate.

7.  "[A]lthough pro se litigants have a right of access to the courts, that right does not encompass the filing of frivolous, malicious, or duplicative lawsuits." *Anderson v. Butts, et al.*, No. 21-CV-0937, 21-CV-0971, 21-CV-0972, 21-CV-1022, 21-CV-1023, 2021 WL 1811846, *2 (D. Minn. May 6, 2021) (SRN/DTS). A court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *In re Tyler*, 839 F.2d 1290, 1292-93 (8th Cir. 1988) (per curiam); *see also Westley v. Bryant*, No. 14-CV-5002, 2015 WL 2242161, *10 (D. Minn. May 12, 2015) (discussing source of authority as All Writs Act and inherent judicial authority). Courts in this district have frequently imposed such

6

restrictions where vexatious litigants have "unnecessarily burdened the Court with fanciful claims," *Stayton v. Mower Cty. Sheriff Office*, No. 19-CV-1294, 2020 WL 736683, *4 (D. Minn. Jan. 29, 2020), *report and recommendation adopted*, 2020 WL 733105 (D. Minn. Feb. 13, 2020) (DWF/TNL), or otherwise employed abusive litigation tactics. *See, e.g.*, *Jackson v. Ossell*, No. 17-CV-5483, 2019 WL 10890196, *3 (D. Minn. Aug. 8, 2019) (JRT/BRT); *Rickmyer v. ABM Security Servs., Inc.*, No. 15-CV-4221, 2016 WL 1248677, *5 (D. Minn. Mar. 29, 2016) (JRT/FLN); *Kolosky v. State of Minn, et al..*, No. 05-CV-1350, 2006 WL 752937, *3 (D. Minn. Mar. 22, 2006) (JRT/FLN), *aff'd*, 256 F. App'x 854 (8th Cir. 2007). The Eighth Circuit has itself ordered the imposition of filing restrictions where a litigant has pursued "frivolous and vexatious" litigation. *See, e.g.*, *Sassower v. Carlson*, 930 F.2d 583, 584 (8th Cir. 1991) (per curiam).

8. To determine whether a filing injunction is warranted, a court considers the following four factors: "(1) the party's history of litigation, particularly whether [the party] has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had an objectively good faith basis for pursuing the litigation; (3) whether the party has caused needless expense to other parties or has posed an unnecessary burden on the courts; and (4) whether other sanctions would adequately protect the court and other parties." *Fleming v. Wells Fargo Home Mortg.*, No. 15-CV-2683, 2015 WL 5158707, *5 (D. Minn. Sept. 2, 2015) (PJS/HB). If a court imposes a restriction it should not impose one "so burdensome that it denies [a party] meaningful access to the courts." *Smith v. Ghana Comm. Bank, Ltd.*, No. 10-CV-4655, 2012 WL 2930462, *16 (D. Minn. June 18, 2012) (DWF/JJK). A court "must ensure that the injunction is narrowly tailored to fit the specific

circumstances at issue," and should allow the subject of a potential filing restriction sufficient "notice and opportunity to be heard." *In re Charles Pointer*, 345 F. App'x 204, 205 (8th Cir. 2009) (internal citations and quotation marks omitted).

9. Each of the four factors supports an appropriately tailored filing restriction. Here, Hansmeier's activities are a plainly harassing use of the legal process. **First**, Hansmeier's misrepresentations to parties and the Court are deeply troubling. While his long history of lying to courts and abusing court process is well-established, this filing restriction is not based on his prior duplicitous conduct. *See United States v. Hansmeier*, 988 F.3d 428 (8th Cir. 2021); Plea Agreement, *United States v. Hansmeier*, Doc. 103 at 4 (D. Minn. Aug. 17, 2018) (admitting misrepresentations to courts). The requested restriction is sought here because of the proliferation of dozens of duplicative and vexatious lawsuits Hansmeier is now pursuing. The repetitive nature of his filings and their rapidly increasing number suggest that Hansmeier intends to be vexatious. **Second**, it appears clear that Hansmeier's lawsuits are little more than an attempt to harass his former federal criminal prosecutors. *See* Second Rau Decl., Ex. 1 (attaching letter from Hansmeier stating, "If you have any practical suggestions for defeating internet-based piracy and realizing the vision of the Americans With Disabilities Act without your clients prosecuting me based on their disdain for the law, then I am all ears.") Any argument that the instant suits are rooted in a good faith basis, rather than an effort to seek revenge for his criminal convictions, is unconvincing. **Third**, there can be no dispute that the manner and volume of Hansmeier's suits has required considerable expenditure of the government's and the Court's resources that otherwise would have been directed to other matters. **Fourth**, no

sanction short of a filing restriction would protect the government, members of the public, or the Court. Hansmeier has been clear: "I have more cases on the way[.]" *See* Second Rau Decl., Ex. 1. His abusive filings are plainly insufficient to provide notice of a legitimate claim against any of the individual or company defendants named in the captions, Fed. R. Civ. P. 8, and the undersigned has been advised by such individuals and companies (or their counsel) that members of the public have been subjected to significant confusion and distress by virtue of being named in Hansmeier's harassing suits. Second Rau Decl. ¶ 2. A tailored filing restriction is warranted.

10. In light of the above, the Federal Defendants respectfully request that Hansmeier be placed under an appropriately tailored filing restriction preventing him from pursuing in any federal district court without the express prior written permission of the Chief Judge of the U.S. District Court for the District of Minnesota (1) any further filings in the five above-captioned cases pending the Court's decision on the fully-briefed consolidated motion to dismiss the amended complaints in *Hansmeier I* and *II*, (2) any copyright infringement or private enforcement actions pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and (3) any civil suit against David MacLaughlin, Benjamin Langner, Erica MacDonald, W. Anders Folk, or the U.S. Attorney's Office. Such a restriction would not bar Hansmeier from bringing a meritorious action in this district in the event he obtains prior court approval.

11. While Hansmeier has not filed his suits in federal court, or state court for that matter, the requested filing restriction on Hansmeier in federal court would allow the Federal Defendants (and/or the United States or related defendants) to seek immediate

dismissal of removed suits that violate the parameters of the restriction.

12. This motion is not made for any dilatory purpose and good cause exists for the relief requested.

13. Hansmeier's position regarding this motion is not known and not readily ascertainable due to his incarceration.

14. A Proposed Order granting this motion will be filed on CM/ECF and e-mailed to chambers.

                Respectfully submitted,

Dated: June 17, 2021

W. ANDERS FOLK
Acting United States Attorney

s/ Kristen E. Rau

BY: KRISTEN E. RAU
Assistant U.S. Attorney
Attorney ID No. 0397907
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Kristen.Rau@usdoj.gov
(612) 759-3180