RECEIVED BY MAIL
JUN 18 2021
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
JUN 18 2021
U.S. DISTRICT COURT MPLS

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re Paul Hansmeier v. David MacLaughlin Litigation

| | |
|---|---|
| Paul Hansmeier, Plaintiff, v. David MacLaughlin; Benjamin Langer; Anders Folk; and John Doe, Defendants. | 20-CV-2155 (JRT/LIB) |
| Paul Hansmeier, Plaintiff, v. David MacLaughlin; Benjamin Langer; Anders Folk; and Lockers Gentlemen's Club, LLC, Defendants. | 20-CV-2156 (JRT/LIB) REPLY TO [70] CONSOLIDATED RESPONSE IN OPPOSITION TO "SUGGESTION OF MOOTNESS" AND NOTICE OF VOLUNTARY DISMISSAL |

The Federal Defendants' "opposition" to Hansmeier's Federal Rule of Civil Procedure 41(a)(1) notice of voluntary dismissal in 20-CV-2156 and suggestion of mootness in 20-CV-2155 is a non-starter because there is nothing they can properly oppose.

Hansmeier's filing of his Rule 41(a)(1) notice of voluntary dismissal in

20-cv-2155 rendered the case a nullity and left the parties as if the action had never been brought. See Smith v. Dowden, 47 F.3d 940 (8th Cir. 1995). A Rule 41(a)(1) notice of voluntary dismissal is self-executing and deprives courts of further jurisdiction over a proceeding.

The Federal Defendants ask the Court to construe their motion to dismiss as a motion for summary judgment — which, according to the Federal Defendants, would block Hansmeier's notice of voluntary dismissal, as Rule 41(a)(1) cannot be invoked after a motion for summary judgment is on file. The Federal Defendants' request should be rejected.

First, for purposes of Rule 41(a)(1), "[a] motion to dismiss is neither an answer nor... a motion for summary judgment." 9 Charles A. Wright + Arthur R. Miller, Federal Practice + Procedure § 2363 (2003). Rule 41(a)(1) is unavailable only when the defendant has filed a motion for summary judgment or has answered. Here, it cannot be contested that the Federal Defendants have done neither. The Federal Defendants' request conflicts with the plain text of Rule 41(a)(1), which the Eighth Circuit construes "strictly and exclusively." See Dowden.

Second, even if the Court was permitted under Rule 41(a)(1) to reconstrue the Federal Defendants' ~~Rule 41(a)(1) notice of dismissal as a~~ motion to dismiss as a motion for summary judgment, there would be no basis in the record for the Court to do so. All the Federal Defendants point to is the Benjamin Langer declaration. But the Langer Declaration only goes to the issue of personal jurisdiction (and perhaps mootness, based on the Federal Defendants' reply in support of their motion to dismiss). Since jurisdictional issues are separate and distinct from ~~mootness~~ Merits issues, there would be no reason or basis to convert the Federal Defendants' motion to dismiss into

a motion for summary judgment.

For these reasons the Court should handle Hansmeier's Rule 41(a)(1) notice of voluntary dismissal in the same manner that it handles other Rule 41(a)(1) notices of voluntary dismissal.

As for Hansmeier's suggestion of mootness, the Federal Defendants fault Hansmeier for (1) failing to request any relief and (2) failing to state that any claims against the Federal Defendants are moot or unlikely to recur. As for the first point, it seems like the logical reaction to Hansmeier's suggestion of mootness would be dismissal without prejudice for lack of subject matter jurisdiction. As for the second point, Hansmeier believes that his claims in 20-cv-2155 are moot and unlikely to recur. At the bottom, the point of Hansmeier's suggestion of mootness was to notify the Court of a material and tragic development which means that Hansmeier concedes that his claims in 20-cv-2155 now likely fail for lack of subject matter jurisdiction. It is difficult to understand why the Federal Defendants are looking this gift horse in the mouth.

June 13, 2021

*[signature]*

Paul Hansmeier
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072