UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

In re: Hansmeier v. MacLaughlin et al., Litigation

Paul Hansmeier,
    Plaintiff,

                                            20-cv-2155 (JRT/LIB)

v.

David MacLaughlin; Benjamin Langer;
Anders Folk; and Looker's Gentlemen's Club, LLC,
    Defendants.

and

Paul Hansmeier,
    Plaintiff

                                            20-cv-2156 (JRT/LIB)

v.

David MacLaughlin; Benjamin Langer;
Anders Folk; and John Doe,
    Defendants.

and

Paul Hansmeier,
    Plaintiff,

                                            21-cv-748 (JRT/LIB)

v.

David MacLaughlin; Benjamin Langer;
Anders Folk; and DiMa Corporation,
    Defendants

                                            MEMORANDUM IN OPPOSITION
                                            TO MOTION FOR FILING RESTRICTION

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul Hansmeier,<br>Plaintiff, | |
| v. | 21-cv-1167 (JRT/LIB) |
| David MacLaughlin; Benjamin Langer; Anders Folk; and Portland Corporate Center, LLC,<br>Defendants. | MEMORANDUM IN OPPOSITION TO MOTION FOR A FILING RESTRICTION |

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul Hansmeier,<br>Plaintiff, | |
| v. | 21-cv-1426 (NEB/LIB) |
| David MacLaughlin; Benjamin Langer; Anders Folk; and Ashton Pankonin,<br>Defendants. | MEMORANDUM IN OPPOSITION TO MOTION FOR A FILING RESTRICTION |

Plaintiff Paul Hansmeier respectfully requests that the Court deny the motion for a filing limitation filed by Defendants David MacLaughlin, Benjamin Langer and Anders Folk (the "Federal Defendants"). The Federal Defendants' is premature, filed in the wrong court, fails on substantive grounds and seeks relief which is wholly unrelated to the "harm" they claim they are suffering. The concerns articulated by the Federal Defendants are more properly addressed in a Rule 16 conference and Hansmeier hopes that the Court will grant his request for one. Hansmeier is a pro se inmate and has sharply limited access to his institution's law library. Accordingly, Hansmeier asks the Court to liberally construe this filing.

I. Background.

Hansmeier has asserted several actions against the Federal Defendants challenging the constitutionality of the federal mail fraud, wire fraud and extortion statutes, 18 U.S.C. §§ 3141, 3143 and 1951 (the "Challenged

Statutes"). In all but one of these actions, Hansmeier claims that the Challenged Statutes are unconstitutional as applied to Hansmeier's aiding and encouraging people with disabilities to enforce their rights under the Americans With Disabilities Act against the public accommodation identified in the respective complaint. These actions are neccessary to overcome the chill and self censorship Hansmeier is experiencing in light of the Federal Defendants' past threats of criminal prosecution against Hansmeier for engaging in this very conduct.

In the remaining action, which has been assigned case number 21-cv-2156 by the Clerk of Court, Hansmeier claims that the Challenged Statutes are unconstitutional as applied to his assertion of copyright enforcement claims against an individual who copied one of Hansmeier's copyrighted works. This action was dismissed pursuant to the self-executing provision of Federal Rule of Civil Procedure 41(a)(1). The case is thus now a nullity.

Finally, the Federal Defendants recently removed case number 21-cv-

1426 from Hennepin County District Court. This case was a nullity on its arrival to the U.S. District Court for the District of Minnesota. The reasons supporting this conclusion are presented in Hansmeier's contemporaneously-filed motion for remand.

The Federal Defendants now ask the Court to prevent Hansmeier from making any further filings in the cases described above pending the Court's decision on a motion to dismiss that the Magistrate Judge has correctly characterized as moot; prevent Hansmeier from filing any copyright infringement or private enforcement actions pursuant to the ADA; and to bar Hansmeier from asserting any civil claims against the Federal Defendants. The Federal Defendants' proposed filing restriction would only apply to filings in federal court.

II. Argument.

The Court should deny the Federal Defendants' motion because: (1) the motion is premature; (2) it is filed in the wrong court; (3) it fails on the

merits; and (4) it seeks relief which is unrelated to the harm the Federal Defendants claim they are suffering. Instead of providing the Federal Defendants with the relief they seek, the Court would serve the interests of justice by ordering the parties to participate in a Rule 16 conference with the Magistrate Judge.

### A. The Federal Defendants' Motion is Premature.

The Federal Defendants' motion asks the Court to infer that Hansmeier will be vexatious and impose filing restrictions on that basis. Memorandum at 8 ("The repetitive nature of his filings and their rapidly increasing number suggest that Hansmeier intends to be vexatious."). The Federal Defendants' motion is premature until Hansmeier has actually engaged in vexatious conduct. Indeed, in all of the cases cited by the Federal Defendants and reviewed by Hansmeier, a party who was subjected to a filing restriction engaged in an extreme pattern of vexatious conduct, was warned by the Court and persisted nevertheless.

Moreover, the Federal Defendants have yet to prevail on any of their

challenges to Hansmeier's complaints. Instead of assuming they will prevail and asking for a filing restriction on that basis, the Federal Defendants should file their motion to dismiss in one of the remaining active cases, see how they do, see how Hansmeier responds and then (and only then) consider whether a filing restriction is warranted. Neither the Federal Defendants nor the Court has sufficient information to determine whether a filing restriction is warranted at this time. Or, put differently, no filing restriction is warranted under the existing circumstances and any consideration of future circumstances is premature at this time.

B. The Federal Defendants' Motion is Filed in the Wrong Court.

To the extent that the Federal Defendants adequately allege an injury-in-fact flowing from Hansmeier's conduct (and this point is highly debatable), the Federal Defendants' motion must nevertheless satisfy the remaining elements of standing, which are causation and redressability. The redressability element of standing requires a showing that an injury-in-fact is likely to be redressed by a favorable

court order. That is not the case here. Here, all of the Federal Defendants' complaints arise from cases Hansmeier is initiating against the Federal Defendants in Hennepin County District Court. The only reason the cases are now pending before the U.S. District Court for the District of Minnesota is because the Federal Defendants keep removing them. The only filing restriction that could conceivably prevent the Federal Defendants from suffering any alleged harm in federal court is a restriction against removal — as the Federal Defendants do not request and the Court could not impose a restriction on Hansmeier prosecuting his actions once they are removed. The source of the Federal Defendants' claimed problems is located exclusively in Hennepin County District Court. The Federal Defendants must go there to seek a filing restriction; they lack standing to do so here because the Court cannot issue an order that would redress the Federal Defendants' claimed injury.

C. The Federal Defendants' Motion Fails on the Merits.

Turning to the Merits, the Federal Defendants fail to make the showing

necessary to warrant a filing restriction.

"Under the All Writs Act, and as a matter of inherent authority, federal courts may impose filing injunctions on litigants who have abused the judicial process through vexatious, burdensome, baseless or repetitive litigation." Westley v. Bryant, No. 14-cv-5002 PJS/BRT, 2015 U.S. Dist. LEXIS 61989 (D. Minn. May 12, 2015). "Courts must, however, use such a drastic measure sparingly, and consistent with the constitutional guarantee of due process and access to the courts." Pennywell v. Catholic Charities of the Archdiocese of St. Paul & Minneapolis, No. 16-cv-347 ADM/FLN (D. Minn.).

The Federal Defendants have come nowhere close to demonstrating that Hansmeier's actions pending before this Court are an abuse of the judicial process. The actions Hansmeier is initiating are brought to prevent him from suffering the chill/self-censorship associated with the Federal Defendants' threats of criminal prosecution/actual prosecution. This is a legitimate use of the judicial process. The actions are carefully modeled after actions that have succeeded against the Attorney General in the past, and the Federal Defendants'

arguments in support of dismissal are similar to arguments which have failed in the past, all of which cuts against a finding of baselessness. Though there are similarities between Hansmeier's cases, Hansmeier's cases are not repetitive in the sense that each case seeks identical relief. Rather, each case is unique because it seeks a narrowly tailored declaration and injunction that is specific to the public accommodation identified in the complaint. Nor are Hansmeier's actions unusually burdensome. In each case all that Hansmeier has done is serve a complaint, seek remand or respond to the Federal Defendants' motions. Finally, Hansmeier's cases are not vexatious. Hansmeier's claims are brought against the Federal Defendants who do not deny threatening Hansmeier with criminal prosecution for aiding and encouraging people with disabilities to enforce their rights under the ADA. A lawsuit challenging the constitutionality of a statute is a reasonable and measured response to the Federal Defendants' threats of criminal prosecution. For all of the reasons stated above, the Federal Defendants have not and cannot meet their burden of showing that a filing restriction is warranted.

The Federal Defendants disagree, but fail to offer points which allow them to meet their burden.

31 Cases. The Federal Defendants note that they are aware of 31 cases in which Hansmeier "appears to be asserting" similar claims against the Federal Defendants. Hansmeier does not believe that 31 is the correct number, but regardless, the Federal Defendants had to expect a reasonable volume of constitutional claims to flow from their criminalization/attempted criminalization of two of the highest volume case types (i.e. end user copyright infringement claims and architectural barrier ADA claims) on the federal dockets.

Benjamin Langer. The Federal Defendants fault Hansmeier for pursuing claims against Benjamin Langer after being advised that Langer is no longer a federal employee. Memorandum P 4. This is not an accurate statement. After being informed that Langer was no longer a federal employee, Hansmeier endeavoured to conduct legal research to determine what the legal significance of this development was and

whether dismissal would be appropriate under the circumstances. Hansmeier informed counsel for the government that he was conducting this research. See Letter, 21-cv-1167, Dkt. 13. After concluding his research Hansmeier has elected to dismiss his claims against Langer without prejudice. Hansmeier notified counsel for the Federal Defendants of this fact via letter and mailed notices of dismissal in case nos. 21-cv-748 and 21-cv-1167, i.e. the only active cases in light of Hansmeier's Notice of dismissal and suggestion of mootness in cases 20-cv-2156 and 20-cv-2155, respectively, before he was aware the the Federal Defendants' instant motion. The Court can disregard this point. There is no question that Benjamin Langer played a role in attempting to criminalize ADA enforcement in Minnesota (he did so on the 6th floor of the Minneapolis federal courthouse), so there would be no reason to conclude that Benjamin Langer was an improper party at the outset.

<u>Dismissal/Suggestion of Mootness</u>. The Federal Defendants criticize Hansmeier for filing a dismissal and suggestion of mootness to "avoid judgment" in cases 20-cv-

2155 and 20-cv-2156. As for the suggestion of mootness, the Federal Defendants appear to be suggesting that Hansmeier should have concealed a material development, i.e. the death of the individual whom Hansmeier had specifically sought to aid and encourage in that case, from the Court. In the District of Minnesota that sort of behavior can land a party a 14 year term of imprisonment, so the Federal Defendants' suggestion on that point is absurd. As for the notice of dismissal, notices of dismissals are a routine feature of federal litigation. Indeed, if one makes the rounds at Hansmeier's institution, one would meet numerous inmates whose cases were voluntarily dismissed on the eve of trial when, for example, the government's star witness skipped town to go get high and engage in other criminal conduct incidental to that bender. See United States v. Oliver (D. Minn.) Here, Hansmeier a legitimate reason for dismissing the case (the passage of time would have made it difficult to prosecute the case) and he filed his dismissal before the parties had expended substantial resources. The Federal Defendants will have every opportunity to reassert their arguments in favor of dismissal in a future

future case.

Service "Misrepresentations." The Federal Defendants fault Hansmeier for making "troubling" misrepresentations to the Court regarding service in the cases they label Hansmeier I and Hansmeier IV. Memorandum P 6. Yet, in both of these cases, Hansmeier has a good faith belief that service has occurred and, in any event, the Court is fully apprised of the facts it needs to resolve any debate between Hansmeier and the Federal Defendants over the nuances of service on a Minnesota limited liability company organized under Chapter 322C of the Minnesota Statutes, which hasn't appointed a registered agent.

In brief, the non-government defendants in Hansmeier I and IV are 322C limited liability companies which have not appointed registered agents. Under 322C, the Minnesota Secretary of State is designated as the registered agent under those circumstances. Service on 322C limited liability companies is governed by Section 5.25 of the Minnesota Statutes and requires service on a registered agent. In both cases Hansmeier completed service by delivering documents to the Minnesota Secretary of State (though in Hansmeier IV

the Secretary of State is denying that the service documents appear in their computer files and Hansmeier has requested a limited evidentiary hearing to get to the bottom of that matter). The Federal Defendants appear to believe that service is not complete until the Secretary of State takes actions subsequent to being served in its capacity as the registered agent for a 322C limited liability company. Hansmeier takes the position that service is completed upon meeting Minnesota Rule of Civil Procedure 4's requirements with respect to the Minnesota Secretary of State.

This legitimate debate is not a "misrepresentation," as the Federal Defendants describe it. Hansmeier and the Federal Defendants will have many disagreements over the course of these cases, and the Court should not encourage the Federal Defendants to seek a filing limitation every time Hansmeier disagrees with their position.

For all of the reasons stated above, the Federal Defendants have come nowhere close to showing that a filing injunction is warranted under the circumstances.

### D. The Relief Sought by the Federal Defendants Does Not Address the Harm They Claim to be Suffering.

The Federal Defendants ask the Court to enjoin Hansmeier from pursuing in any federal district court (1) any further filings in Hansmeier's active federal cases pending the Court's decision on a motion to dismiss that the Magistrate Judge has correctly described as moot; (2) any copyright enforcement or private enforcement actions pursuant to the Americans With Disabilities Act or (3) any civil suit against the Federal Defendants. The Federal Defendants ask the Court to assume the burden of pre-screening every single filing Hansmeier makes now or in the future.

As an initial matter, as is argued in Section II.A., supra, every one of the Federal Defendants' requested remedies relates to federal filings when the burden claimed by the Federal Defendants relates exclusively to actions initiated in Hennepin County District Court. The Federal Defendants, to the extent their claims of burden are sincere, should be pursuing relief in Hennepin County District Court instead of in this

court.

Turning to the specific requests for relief, the Federal Defendants' request for an injunction against further filings pending the Court's disposition of the pending motion to dismiss is moot for all of the reasons identified by the Magistrate Judge in his order denying the Federal Defendants' motion for a stay pending that disposition. Case 20-cv-2156 is already dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1) due to Hansmeier's filing of a notice of dismissal. The Eighth Circuit strictly construes Rule 41(a)(1) and there is nothing left to be done in that case. Case 20-cv-2155 is also subject to dismissal due to the suggestion of mootness filed in that case. In short, there is no question that both cases will be dismissed and this fact moots the Federal Defendants' first request. In substance, the Federal Defendants' first request is nothing more than an impermissible attempt to relitigate their unsuccessful motion to stay.

The Federal Defendants' next request — that Hansmeier be prohibited from filing copyright enforcement and private ADA enforcement claims — has nothing whatsoever

to do with the burden alleged by the Federal Defendants. Hansmeier's claims against the Federal Defendants are constitutional challenges to the Challenged Statutes as applied to claims Hansmeier would like to assert personally (copyright) or claims that Hansmeier would like to encourage others in asserting. Hansmeier does not have any reason to believe that the Federal Defendants would be defendants in the claims he seeks to bring. Courts must narrowly tailor filing injunctions so as to avoid impermissibly interfering with citizens' rights of access to the courts. The Federal Defendants' request asks the Court to go far afield of what would be required to address the "harm" alleged in their motion for a filing restriction.

The Federal Defendants' third request is that Hansmeier be prevented from filing cases against them in federal court. The Federal Defendants' request is unnecessary because Hansmeier is only filing cases against them in Hennepin County District Court. If the Federal Defendants do not want to bear the burden of defending against cases in federal court then they should stop removing cases to federal court.

### E. The Federal Defendants' Complaints Are More Effectively Addressed Via a Rule 16 Conference.

Contemporaneously with this filing Hansmeier is requesting that the Magistrate Judge schedule a Rule 16 conference to discuss the case management issues raised in the Federal Defendants' motion for a filing restriction. Hansmeier believes that most, if not all, of the issues raised in the Federal Defendants' motion can be resolved via a case management conference. As a matter of fact, in Hansmeier III the Federal Defendants requested an~~cease the~~ extension of time to answer or otherwise respond to Hansmeier's complaint and supported their request with a representation that, if their motion was granted, they would schedule a Rule 16 conference with the Magistrate Judge. Their motion was granted, but they never scheduled the conference. Instead, they are resorting to burdening the Court and Hansmeier with needless motion practice over issues the parties should be able to resolve amicably.

III. Conclusion.

The Court should deny the Federal Defendants' motion for a filing restriction.

June 28, 2021

Paul Hansmeier
20953-041 Unit K3
~~20~~ Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072