SCANNED JUL 26 2021 U.S. DISTRICT COURT MPLS

RECEIVED BY MAIL JUL 26 2021 CLERK, U.S. DISTRICT COURT MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PAUL HANSMEIER, Plaintiff, v. DAVID MACLAUGHLIN, et al., Defendants. | Case Nos: 21-cv-1537  21-cv-1543<br>21-cv-1538  21-cv-1547<br>21-cv-1539  21-cv-1550<br>21-cv-1540  21-cv-1551<br>21-cv-1542  21-cv-1552<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND |

Defendants David MacLaughlin, Benjamin Langer* and Anders Folk have failed to meet their burden of establishing the propriety of removal and have otherwise failed to comply with the requirements of the removal statutes they invoked in removing the above-captioned matters to the U.S. District Court for the District of Minnesota from Hennepin County District Court. Plaintiff Paul Hansmeier respectfully requests that the Court remand the above-captioned matters to Hennepin County District Court.

I. Background.

David MacLaughlin, Benjamin Langer and Anders Folk (the "Federal Defendants") removed the above-captioned matters to the U.S. District Court for the District of Minnesota from Hennepin County District Court on July 1, 2021, by filing Notices of Removal. In each of the Notices of Removal, the Federal Defendants affirmatively state that service has not been completed on any defendant. Moreover, the Federal Defendants failed to gain the consent of their co-defendant to removal of the above-captioned matters. Finally,

---

* Langer has been dismissed from this case.

the Notices of Removal fail to identify a colorable federal defense to the claims in the remand actions; indeed, the Notices of Removal fail to identify any defense whatsoever.

II. Argument.

The Federal Defendants have failed to meet their burden of establishing the propriety of removal. In addition, the Federal Defendants have failed to meet the requirements of 28 U.S.C. §§ 1441 and 1442(a)(2).

A. The Federal Defendants have failed to meet their burden of establishing the propriety of removal.

As the parties seeking to invoke the Court's jurisdiction via removal, the Federal Defendants bear the burden of establishing the propriety of removal. See, e.g., Metivier v. Deutsche Bank Trust Co. Ams., No. 19-cv-2929 (ECT/BRT), 2020 U.S. Dist. LEXIS 80752 (D. Minn. May 7, 2020). All doubts regarding the propriety of removal must be resolved in favor of remand. Id. For actions originating in Minnesota state court, removal cannot properly occur until service occurs, as Minnesota state court actions commence upon service (versus filing, as is the case in federal court). Id.

In the above-captioned actions, the Notices of Removal affirmatively allege that "No defendant appears to have been properly served at this time." Doc. 1 ¶ 2. If this sworn statement is accepted as true, then there is no basis for the Federal Defendants to have removed this action because there was no action for them to remove. Again, in Minnesota, actions do not commence until service has been made. The Federal Defendants' Notices of Removal plead themselves out of establishing the propriety of removal. Remand is appropriate for this reason alone.

### B. The Federal Defendants failed to comply with the requirements of 28 U.S.C. § 1441.

If the Federal Defendants somehow reverse position on the service issue just discussed, it remains the case that they have failed to comply with the statutes they have invoked for removal: 28 U.S.C. §§ 1441 and 1442. As for 28 U.S.C. § 1441, the statute requires a removing defendant to obtain the consent of their codefendants. The Notices of Removal contain no evidence that the Federal Defendants obtained their co-defendants' consent to removal. Nor is there any explanation for their failure to do so. Hansmeier can infer what the Federal Defendants' argument on this point would be (had they made it) based on the arguments they are making in the remand litigation in Hansmeier v. MacLaughlin et al., No. 21-cv-1167 (D. Minn.). However, at this time, the Federal Defendants take the position that no one has been served. Hansmeier raises this argument now only as a hedge against the Federal Defendants attempting to escape the fatal defects in their Notices of Removal.

### C. The Federal Defendants failed to comply with the requirements of 28 U.S.C. § 1442.

The Federal Defendants' Notices of Removal are devoid of indications of a colorable defense to Hansmeier's claims. Defendants who invoke 28 U.S.C. § 1442 as a basis for removal must identify a defense that is colorable. There is no indication of any such defense in the Federal Defendants' Notices of Removal. Beyond this point, the Federal Defendants are ineligible to remove under 28 U.S.C. § 1442. Based on the legal resources available to Hansmeier, section 1442 removal is available in cases where a plaintiff seeks relief against a defendant for a past wrong. Here, Hansmeier's claims challenge the constitutionality of a statute versus seeking damages from the Federal Defendants

Hansmaier is unable to locate an example of a case that was brought to challenge the constitutionality of a federal statute that was successfully removed under 28 U.S.C. § 1442.

III. Conclusion.

The Court should grant Hansmaier's motion to remand.

Respectfully submitted,

July 14, 2021

*(signature)*

Paul Hansmaier
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072